UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21872-CIV-ALTONAGA/Goodman

VENETIAN GARDENS AT COUNTRY
CLUB OF MIAMI CONDOMINIUM
ASSOCIATION, INC.,

Plaintiff,
v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, and
EVEREST INDEMNITY
INSURANCE COMPANY,

Defendants.
_____/

**PLAINTIFF VENETIAN GARDENS AT COUNTRY CLUB OF MIAMI CONDOMINIUM ASSOCIATION, INC.'S REPLY AND MOTION TO STRIKE DEFENDANT WESTCHESTER SURPLUS LINE INSURANCE COMPANY'S SECOND, SIXTH AND EIGHTH AFFIRMATIVE DEFENSES**

Plaintiff, VENETIAN GARDENS AT COUNTRY CLUB OF MIAMI CONDOMINIUM ASSOCIATION, INC., by and through undersigned counsel, hereby files their Motion to Strike Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY's Second, Sixth, and Eighth Affirmative Defenses [D.E. 36], and in support thereof, states as follows:

1. Plaintiff hereby denies all affirmative defenses and demands strict proof thereof.

### I.   LEGAL STANDARD

2. Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

3. Rule 8 of the Federal Rules of Civil Procedure provides the requirements for pleading an affirmative defense. In response to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." Rule 8(b)(1)(A), Federal Rules of Civil Procedure. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Rule 8(c)(1), Federal Rules of Civil Procedure.

4. Rule 8 requires "that the defendant give 'fair notice' of the defense and 'the ground upon which it rests.'" *Morrison v. Executive Airport Refinishing, Inc.*, 434 F. Supp. 2d 1314 (S.D. Fla. 2005); *See* also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, "the party raising the affirmative defense 'must do more than make conclusory allegations," and "[w]here the affirmative defenses are not more than 'bare bones conclusory allegations, [they] must be stricken." *Morrison* (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002).

5. Further, an alleged affirmative defense which is insufficient as a matter of law should be stricken. *See* e.g. *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

6. Further, a defense which merely points out an alleged defect in Plaintiff's prima facie case is not actually an affirmative defense, and as such should be stricken. *In Re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

7. Further, in regard to state claims in federal court pursuant to diversity jurisdiction, the substantive law of the State applies. *Jones v. United Space Alliance, LLC.*, 494 F.3d 1306 (2007)(citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

8. Florida law requires that affirmative defenses be set forth with specificity. *Cady v. Chevy Chase Savings and Loan*, 528 So. 2d 136 (Fla 4th DCA 1988). An affirmative defense must be legally sufficient on its face and present a bona fide issue of fact in order to survive a motion to

strike. *See Gonzalez v. NAFH Nat. Bank*, 93 So. 3d 1054, 1056 (Fla. 3d DCA 2012) *citing Hulley v. Cape Kennedy Leasing Corp.*, 376 So. 2d 884, 885 (Fla. 5th DCA 1979). Moreover, the Defendant must set forth the facts in its affirmative defense in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare its evidence. *Zito v. Washington Fed. Sav. & Loan Ass'n of Miami Beach*, 318 So. 2d 175, 176-77 (Fla. 3d DCA 1975). An insurer relying on an exclusion in the policy should raise such exclusion with specificity as an affirmative defense. *St. Paul Mercury Ins. Co. v. Coucher*, 837 So. 2d 483, 487 (Fla. 5th DCA 2002).

## II.  LEGAL ARGUMENT

### Defendant's Second Affirmative Defense

9. Defendant's Second Affirmative Defense asserts that "Coverage under the Policy is barred in whole or in part by the limits of liability, endorsements, and other terms, conditions, exclusions and limitations contained in or incorporated by reference, explicitly or implicitly, in the Policy. Specifically, the Policy provides in pertinent part as follows: 3. Duties In The Event Of Loss Or Damage; a. You must see that the following are done in the even of loss or damage to Covered Property: (3) As soon as possible, give us a description of how, when and where the loss or damage occurred. (4) Take all reasonable steps to protect the Covered Property from Further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination. (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed. (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and

examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records. (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms. (8) Cooperate with us in the investigation or settlement of the claim."

10.     This Affirmative Defense fails to state with specificity which "Duties In The Event Of Loss Or Damage" are allegedly at issue and does not allege any facts in support of the same. *Cady v. Chevy Chase Savings and Loan*, 528 So. 2d 136 (Fla. 4th DCA 1988). Accordingly, this affirmative defense is too vague to give Plaintiff notice of the grounds upon which it rests and should be stricken. *Morrison v. Executive Airport Refinishing, Inc.*, 434 F. Supp. 2d 1314 (S.D. Fla. 2005).

## Defendant's Sixth Affirmative Defense

11.     Defendant's Sixth Affirmative Defense asserts that "Coverage under the Policy is barred in whole or in part by the limits of liability, endorsement, and other terms, conditions, exclusions and limitations contained in or incorporated by reference, explicitly or implicitly, in the Policy. Specifically, the Policy provides in pertinent part as follows: B. Exclusions; 2. We will not pay for loss or damage caused by or resulting from any of the following: d.(1) Wear and tear; (2) Rust or other corrosion ,decay, deterioration, hidden or laten defect or any quality in property that causes it to damage or destroy itself; (3) Smog; (4) Settling, cracking, shrinking, or expansion; (5) Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals. (6) Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay of the loss or damage caused by that elevator collision. (7) The following causes of loss to personal property: (a) Dampness or dryness or atmosphere; (b) Changes in or extremes of temperature; or (c) Marring

or scratching. But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a 'specified cause of loss' or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage."

12. This Affirmative Defense fails to state with specificity which exclusions are applicable, it merely lists every exclusion of this provision of the policy, and does not allege any facts asserting why such exclusions are applicable. *Cady v. Chevy Chase Savings and Loan*, 528 So. 2d 136 (Fla. 4th DCA 1988), *St. Paul Mercury Ins. Co. v. Coucher*, 837 So. 2d 483, 487 (Fla. 5th DCA 2002). Accordingly, this affirmative defense is too vague to give Plaintiff notice of the grounds upon which it rests and should be stricken. *Morrison v. Executive Airport Refinishing, Inc.*, 434 F. Supp. 2d 1314 (S.D. Fla. 2005).

### Defendant's Eighth Affirmative Defense

13. Defendant's Eighth Affirmative Defense asserts that "Coverage under the Policy is barred in whole or in part by the limit of liability, endorsement, and other terms, conditions, exclusions and limitations contained in or incorporated by reference, explicitly or implicitly, in the Policy. Specifically, the Policy provides in pertinent part as follows: B. Exclusions; 3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss. c. Faulty, inadequate or defective: (1) Planning, zoning, development, surveying, siting; (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises.

14. This Affirmative Defense fails to state with specificity which exclusions are applicable, merely listing all the exclusions of this provision of the policy and does not allege any

facts asserting why such exclusions are applicable. *Cady v. Chevy Chase Savings and Loan*, 528 So. 2d 136 (Fla. 4th DCA1988), *St. Paul Mercury Ins. Co. v. Coucher*, 837 So. 2d 483, 487 (Fla. 5th DCA 2002). Accordingly, this affirmative defense is too vague to give Plaintiff notice of the grounds upon which it rests and should be stricken. *Morrison v. Executive Airport Refinishing, Inc.*, 434 F. Supp. 2d 1314 (S.D. Fla. 2005).

15. All of the Defendant's aforementioned Affirmative Defenses allege that Plaintiff's claim is barred for various reasons; however, Defendant fails to provide any facts to support these allegations and further fails to specify how or why the purported exclusion of coverage serve as a bar to Plaintiff's claim, or how they relate to the specific facts of our case at hand.

16. Defendant's lack of specificity and particularity in its Affirmative Defenses improperly shifts the burden of proof to Plaintiff and leaves Plaintiff chasing after a moving target regarding Defendant's defense of the instant claim.

17. Simply put, the purported defenses should be stricken because they are not affirmative defenses and are mere conclusory allegations without any factual or legal support.

WHEREFORE, Plaintiff, VENETIAN GARDENS AT COUNTRY CLUB OF MIAMI CONDOMINIUM ASSOCIATION, INC., respectfully request this Honorable Court enter an Order striking Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY's Second, Sixth and Eighth Affirmative Defenses, and any and all further relief the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Counsel for the movant attempted on Friday July 24th, 2020 and on Monday, July 27th, 2020 to confer via email in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

.
## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via e-mail, unless otherwise stated, this 30th day of July, 2020, to the parties listed on the attached mailing list.

    Respectfully Submitted,

    Baldy Martinez P.A.
    1999 S.W. 27 Avenue, 1st Floor
    Miami, FL 33145
    Tel.: (305) 454-5804
    Fax.: (305) 454-5808
    E-mail: service@baldylaw.com

    /s/ Baldy Martinez
    Baldy Martinez, Esq.
    Florida Bar No. 76976
    *Counsel for the Insured*

Page 8 of 9

**MAILING LIST**

John David Dickenson, Esq.
Chad A. Pasternack, Esq.
One North Clematis Street, Suite 510
West Palm Beach, FL 33401
Telephone:  561-515-5250
Facsimile:   561-515-5230
Email:  jdickenson@cozen.com
Email:  cpasternack@cozen.com